United States District Court
Southern District of Texas
**ENTERED**
February 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY KLINGER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-999 |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is defendant Wal-Mart Stores Texas, L.L.C.'s [1] ("Wal-Mart") motion for summary judgment. Dkt. 23. Having considered the motion, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

Plaintiff Tiffany Klinger ("Klinger") alleges that on June 9, 2013, she slipped and fell in a puddle of water on the floor inside Wal-Mart #4298, located in Humble, Texas. Dkt. 12; Dkt 23-2 at 3. Klinger claims that after she fell, she "noticed that the water was dirty and had cart marks through it," suggesting to her that the puddle had been there "for a while." Dkt 23-2 at 4. Klinger states that she told a Wal-Mart associate about the puddle after she slipped and that an assistant manager took a report on the incident. *Id.* Klinger was pregnant at the time of the incident and claims that, as a result of the fall, she was required to undergo an emergency C-section, which resulted in her son being born 7 weeks early. *Id.* at 5. Klinger alleges that her injuries were proximately caused by the negligence or negligence per se of Wal-Mart. Dkt. 12 at 2.

---

[1] Wal-Mart Stores Texas, L.L.C. was incorrectly named as Wal-Mart Stores, Inc. in Plaintiff's Original Petition. Dkt. 23.

Klinger filed this premises liability lawsuit against Wal-Mart on March 13, 2015, claiming that she sustained serious personal injuries, mental anguish, physical pain and suffering, medical expenses, and impairment and disability as a result of exposure to the dangerous condition on Wal-Mart's premises. *Id.* Klinger seeks all legally recoverable damages, including pre-judgment and post-judgment interest, as a result of these injuries. *Id.* at 4. Wal-Mart removed the lawsuit to this court based on diversity jurisdiction. Dkt. 23. Klinger filed a First Amended Complaint on June 1, 2015. Dkt. 12. Wal-Mart answered on June 10, 2015, raising the affirmative defense of contributory negligence. Dkt. 13 at 2. Wal-Mart then moved for summary judgment on October 19, 2015. Dkt. 23. Klinger has yet to respond.

Wal-Mart contends that summary judgment is appropriate because Klinger has failed to raise a genuine issue of material fact regarding whether Wal-Mart had actual or constructive knowledge of the dangerous condition prior to her accident. *Id.* at 3. Wal-Mart further asserts that knowledge is an essential element of a premises liability cause of action, and without it, the cause of action fails. *Id*. Wal-Mart contends that Kligner conceded that Wal-Mart had no actual knowledge of the dangerous condition because she admitted without objection in her Responses to Defendant's First Set of Interrogatories[2] that she could produce no information or evidence to support her allegation that Wal-Mart had actual knowledge of the alleged condition. *Id.* at 4. Wal-Mart further contends that Klinger has failed to show constructive knowledge as a matter of law because she has provided no temporal evidence that the dangerous condition existed for a sufficient length of time to allow Wal-Mart a reasonable opportunity to discover the condition. *Id.* at 9. Wal-Mart claims that Texas law requires proof that a dangerous condition existed for some length of time before imposing

---

[2] *See* Dkt. 23-2, Ex. B.

liability on a premises owner.  *Id*.  Wal-Mart contends that Klinger's assertions that the water in the puddle was dirty and had cart marks through it are no evidence of the length of time such a condition has been present on a floor under Texas law.  *Id.* at 8.  Accordingly, Wal-Mart asserts that because Klinger has failed to provide evidence of Wal-Mart's actual or constructive knowledge, Klinger's premises liability claim fails as a matter of law.  *Id.* at 3.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant.  *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

Klinger raises a premises liability claim under Texas law.  In Texas, a plaintiff bringing a premises liability claim must prove four elements:

1. Actual or constructive knowledge of some condition on the premises by the owner/operator;
2. the condition posed an unreasonable risk of harm;
3. the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

   4.  the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992); *Corbin v. Safeway Stores Inc.*, 648 S.W.2d 292, 295–96 (Tex.1983). Without conceding that Klinger has established the other elements, Wal-Mart moves for summary judgment on the ground that Klinger has not established the knowledge element of her premises liability claim. Dkt. 23 at 4. Under Texas law, a slip-and-fall plaintiff can satisfy the knowledge element of a premises liability claim in three ways. The plaintiff can prove that the defendant:

   1.  Put the foreign substance on the floor;
   2.  Knew that the foreign substance was on the floor and negligently failed to remove it; or
   3.  That the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care.

*Keetch*, 845 S.W.2d at 265. The first two ways of proving a defendant's knowledge address actual knowledge. *Id.* The third way to show knowledge is based on constructive knowledge. *Id.*

**A. Actual Knowledge**

  Wal-Mart asserts that Klinger admitted in her responses to Wal-Mart's interrogatories that she does not know if Wal-Mart had actual knowledge because she does not know who put the water on the floor. Dkt. 23 at 5. Wal-Mart further asserts that Klinger admitted that the only person who knew the water was on the floor was a Wal-Mart associate she told *after* she had slipped and fallen. *Id.* (emphasis added). Because Klinger has not produced any evidence that Wal-Mart had actual knowledge of the dangerous condition at the time of her injury, her claim relies on showing constructive knowledge.

**B. Constructive Knowledge**

To show constructive knowledge, Klinger has to show that it is more likely than not that the water was present on the floor long enough to give Wal-Mart a reasonable opportunity to discover and remove the water in the exercise of ordinary care. *Keetch*, 845 S.W.2d at 265. To determine whether a defendant had a reasonable opportunity to discover and remove a substance, courts use the time-notice rule. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). The time-notice rule states that temporal evidence is the best indicator for whether a premises owner had a reasonable opportunity to discover and remove a dangerous condition. *Id.* Under Texas law, temporal evidence, proof that a dangerous condition existed for some length of time, is required to impose liability on a premises owner on a theory of constructive knowledge. *Id.*

The basis of Klinger's allegation that Wal-Mart had constructive knowledge consists of her own testimony that, after she fell, Klinger noticed the water she slipped in was dirty and had cart marks in it. Dkt. 23-2 at 4. Klinger stated that the dirty water and cart marks suggested to her that the water "had been there for a while." Dkt. 23 at 8. Wal-Mart argues that the plaintiff's assertions that the water was dirty and had cart marks through it are no evidence of constructive knowledge because Texas courts have already addressed the issue of whether dirt and grocery cart marks through a substance provide temporal evidence. *Id.* Under Texas law, dirt and cart marks through a substance constitute no temporal evidence from which to infer how long water has been on the floor. *Robledo v. Kroger Co.,* 597 S.W.2d 560, 561 (Tex. App.—Eastland 1980, writ ref'd n.r.e.) (*citing Kimbell, Inc. v. Roberson*, 570 S.W.2d 587, 590 (Tex. App.—Tyler 1978, no writ)). In *Wal-Mart v. Gonzalez*, the Texas Supreme Court reasoned that dirt and cart marks are not temporal evidence because they do not show it was more likely than not that the water existed for a sufficient amount of time to prove constructive knowledge—they show only that scenario was possible. 968

5

S.W.2d at 938. That it was possible a substance was on the floor a sufficient length of time amounts to no evidence at all of constructive knowledge. *Id.*

The facts of Klinger's case are similar to cases where courts held that the plaintiff failed to show constructive knowledge. In *Robledo v. Kroger*, a slip-and-fall plaintiff produced testimony that cart tracks were visible in the dirty water she slipped in. 597 S.W.2d at 560. Much like Klinger, the witnesses in *Robledo* admitted that they did not know how long the water had been there. *Id.* The court stated that, under *Kimbell, Inc. v. Roberson*, testimony of dirty water and cart tracks provided no evidence from which the jury could infer how long the water had been on the floor. *Id.* In *Kimbell*, the plaintiff argued that his testimony that other grocery carts had made tracks in the substance he slipped on constituted some evidence that the substance had been on the floor for a sufficient length of time to give the defendant constructive knowledge. 570 S.W.2d at 590. The *Kimbell* court rejected the plaintiff's argument and reasoned that the cart marks provided no temporal evidence because it was just as likely that the tracks were made by customers only minutes or even seconds before the plaintiff fell. *Id.* The court held that cart tracks alone are not competent evidence tending to show the length of time an item has been on the floor. *Id.* Because Klinger relies solely on dirt and cart tracks, she has brought forth no competent temporal evidence and thus no evidence of Wal-Mart's constructive knowledge.

The facts of Klinger's case are distinguishable from Texas cases where courts have found sufficient evidence of constructive knowledge. The plaintiff in *J. Weingarten, Inc. v. Tripplett* produced a "water evaporation specialist" who testified that the foreign substance the plaintiff slipped in had been on the floor for 28.8 minutes. 530 S.W.2d 653, 654 (Tex. App.—Beaumont 1975, writ ref'd n.r.e.). The court held the expert's testimony to be sufficient temporal evidence to show constructive knowledge and meet the knowledge requirement of a premises liability claim.

6

*Id.* Klinger has not produced comparable evidence to the plaintiff in *Weingarten*. In *H. E. Butt Grocery Co. v. Hawkins*, the court found constructive knowledge in a plaintiff's slip-and-fall claim because the defendant had some knowledge that puddles of water accumulated on the premises on rainy days. 594 S.W.2d 187, 189 (Tex. App.—Corpus Christi 1980, no writ). Klinger has produced no similar circumstantial evidence of Wal-Mart's constructive knowledge. In *Coffee v. F.W. Woolworth Co.*, the court found sufficient temporal evidence amounting to constructive knowledge where a plaintiff tripped on a large empty platform that blended in with the floor. 536 S.W.2d 539, 541 (Tex. 1976). The *Coffee* court reasoned that there was temporal evidence because the platform could not have been emptied instantly by a single customer, but rather by several customers over an extended period of time. *Id.* The court held that the premises owners were provided a reasonable amount of time to discover and remedy the dangerous condition over this extended period of time. *Id.* The facts of Klinger's case are distinguishable because the evidence Klinger has produced merely establishes that it is possible the water was on the floor for a long time, not that it was more likely than not. *Id.* In Klinger's case, it is possible the water was put on the floor just instants before she slipped. *Id.*

  The Texas Supreme Court itself has recognized that the constructive knowledge standard is harsh and demanding on plaintiffs. *Gonzalez*, 968 S.W.2d at 938. Nevertheless, the court requires that a plaintiff discharge the burden of proving that the dangerous condition in a premises liability case has existed for such a length of time that a defendant should have known about it. *Id.* The well established rule is that a plaintiff's opinion as to the length of time the dangerous condition existed amounts to nothing more than conjecture and therefore does not amount to any evidence at all under Texas law. *Id.* Evidence that the substance had dirt and tracks through it is also no evidence that the substance was there long enough to charge a defendant with constructive knowledge of this

condition. *Id.* Thus, Klinger has failed to produce any evidence establishing Wal-Mart's constructive knowledge of the dangerous condition; therefore, Klinger's premises liability claim cannot withstand summary judgment.

### III. CONCLUSION

Wal-Mart's motion for summary judgment (Dkt.23) is GRANTED.

Signed at Houston, Texas on February 11, 2016.

_____
Gray H. Miller
United States District Judge